DONALD GOSS ET AL. *v.* BELLA NOTTE OF WEST HARTFORD, INC., ET AL.
(AC 27398)

Flynn, C. J., and Rogers and Stoughton, Js.

450

Argued November 28, 2006—officially released February 6, 2007

*Donald Goss*, pro se, the appellant (named plaintiff).

*Opinion*

STOUGHTON, J. The plaintiff Donald Goss[1] appeals from the judgment of the trial court, rendered after a hearing in damages, in favor of the defendants, Bella Notte of West Hartford, Inc., and Elvisa Radoncic, against whom defaults for failure to appear had been entered. The plaintiff claims that the court improperly determined, after entry of the defaults, that his contributory negligence barred all recovery. We agree with the plaintiff and reverse the judgment of the trial court.

The defendants failed to file a brief, and we therefore consider this matter on the record and on the plaintiff's brief.

---

[1] Earlene Goss was also a plaintiff, but she has not appealed. We therefore refer in this opinion to Donald Goss as the plaintiff.

The record reveals that the defendants were served with the summons and complaint, that they failed to appear and that a default entered as to each of them. Thereafter, the court held a hearing in damages. The plaintiff alleged essentially that in the early morning hours of November 17, 2000, he and his wife, Earlene Goss, were patrons at the Bella Notte Restaurant in West Hartford. Bella Notte of West Hartford, Inc., was the owner and operator of the establishment. Radoncic was the permittee. Earlene Goss and another female patron got into an altercation, and the plaintiff was assaulted and injured by several intoxicated patrons and employees when he tried to separate the two women. He alleged in count one of the complaint that the defendants were negligent in several respects and that his injuries and damages resulted from that negligence. In count two, he alleged that his injuries and damages resulted from the reckless and wanton conduct of the defendants.

At the hearing in damages, the plaintiff testified as to what had occurred at the Bella Notte Restaurant and briefly described his injuries. There were no other witnesses, but the plaintiff introduced into evidence medical reports and bills. The court, apparently skeptical about the account given by the plaintiff, asked why he became involved in the altercation. Clearly, the court's suspicions, whatever they were, were not allayed by his answers because it thereafter found that the plaintiff's credibility was impeached and that he was contributorily negligent because he had interceded. The court concluded that, in the absence of credible evidence, it could not find that the negligence of the defendants was greater than that of the plaintiff and rendered judgment in favor of the defendants.

The plaintiff claims that because the defendants had been defaulted, liability had been conceded, and the

only issue before the court was the amount, if any, of damages to be awarded. We agree.

The record shows that the nonappearing defendants had not filed a notice of defenses in the trial court. In the absence of such notice, entry of default, when appropriately made, conclusively determines the liability of the defendants, leaving the determination of damages as the only issue before the court. *Bank of New York* v. *National Funding*, 97 Conn. App. 133, 138, 902 A.2d 1073, cert. denied, 280 Conn. 925, 908 A.2d 1087 (2006). If the plaintiff alleges sufficient material facts to support a judgment, the entry of default relieves him of the need to prove those facts. Id. Although the plaintiff must still prove the damages he seeks, ordinarily he is entitled to at least nominal damages following an entry of default. Id., 138–40.

In the first count, the plaintiff alleged, inter alia, that the defendants negligently failed to provide adequate security, failed to monitor adequately the area where patrons gathered, allowed an excessive number of patrons in the bar area and continued to serve intoxicated persons there. In the second count, he alleged that the defendants recklessly and wantonly continued to serve alcohol to intoxicated persons, knowing that they were prone to violent behavior.

We conclude that the plaintiff alleged sufficient material facts to support a judgment against the defendants and that the court improperly disregarded the default in rendering judgment for the defendants. See *Mountview Plaza Associates, Inc.* v. *World Wide Pet Supply, Inc.*, 76 Conn. App. 627, 632, 820 A.2d 1105 (2003).

The judgment is reversed in part[2] and the case is remanded with direction to render judgment in favor

---

[2] The judgment was not challenged by the plaintiff Earlene Goss, and the judgment against her is not affected by our reversal.

of the plaintiff Donald Goss as to liability and thereafter to hold a hearing in damages.

In this opinion the other judges concurred.