******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JACQUELINE O. JUMA *v.* TOM M. AOMO
(AC 37880)

Lavine, Mullins and Mihalakos, Js.

*Argued September 7—officially released October 11, 2016*

(Appeal from Superior Court, judicial district of Hartford, Olear, J. [dissolution judgment]; Ficeto, J. [motion to modify].)

*Tom M. Aomo*, self-represented, the appellant (defendant).

*Opinion*

PER CURIAM. The self-represented defendant, Tom M. Aomo, appeals from the postdissolution judgment of the trial court, reinstating the financial orders issued at the time of dissolution.[1] The trial court, *Olear, J.*, dissolved the marriage of the defendant and the self-represented plaintiff, Jacqueline O. Juma,[2] on July 1, 2011, and issued financial orders with respect to the defendant's child support and alimony obligations. See *Juma* v. *Aomo*, 143 Conn. App. 51, 54, 68 A.3d 148 (2013). The defendant subsequently became unemployed, and the parties agreed that his financial obligations should be modified downward. On November 5, 2013, the court, *Ficeto, J.*, revised its financial orders downward and entered certain orders regarding the arrearage the defendant owed the plaintiff. Thereafter, defendant found new employment, and, on December 10, 2014, the plaintiff filed a motion to modify child support and alimony asking the trial court to reinstate its original financial orders in the judgment of dissolution. Following a hearing, Judge Ficeto granted the plaintiff's motion to modify child support and alimony, reinstating the defendant's financial obligations pursuant to the judgment of dissolution. On the basis of our thorough review of the record, and after considering the record and the defendant's brief and argument, we conclude that there is no error. We, therefore, affirm the judgment of the trial court.

The judgment is affirmed.

[1] The defendant also claims that the court, *Ficeto, J.*, improperly denied his motion for contempt.

[2] The plaintiff filed a statement in lieu of brief and did not appear at oral argument. We therefore have decided the appeal on the basis of the record and the defendant's brief and oral argument. See, e.g., *Goss* v. *Bella Notte of West Hartford, Inc.*, 99 Conn. App. 449, 450, 915 A.2d 881 (2007).